Leta E. Gorman, OSB #984015
E-Mail: leta.gorman@bullivant.com
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
   Attorneys for Brenntag Pacific, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RTT CORPORATION, an Oregon corporation, doing business as Rocky Mountain Products,<br><br>    Plaintiff,<br><br>  v.<br><br>BRENNTAG PACIFIC, INC., a Delaware corporation,<br><br>    Defendant. | Civil No.: 08-CV-6291-AA<br><br>**DEFENDANT BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Brenntag Pacific, Inc. submits the following memorandum in support of its motions for partial summary judgment:

### I. INTRODUCTION

This case involves the sale of sorbitol from Brenntag to RTT and allegations that the sorbitol sold was defective.

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 1**

Brenntag sold sorbitol to RTT. RTT, in turn, used it in its spice mixtures that it sold to various vendors. Between May 2007 and March 2008, Brenntag sold a "Meelunie" sorbitol to RTT. RTT alleges that some of its customers rejected RTT's spice mixtures that contained the Meelunie sorbitol because the sorbitol was defective and caused the mixtures to clump. Because its customers rejected the spice mixtures, RTT filed this lawsuit against Brenntag, asserting claims for breach of contract and breach of warranty and seeking economic damages in excess of $1.8 million.

Brenntag has filed these motions to obtain summary dismissal of all of RTT's claims. Specifically, Brenntag seeks a ruling from this Court that holds that RTT's claims are product liability claims. Because RTT's claims are product liability claims and because RTT seeks only economic losses, RTT's claims cannot survive.

If this Court finds that some or all of RTT's claims are not product liability claims, Brenntag requests that the Court find that the contractual terms between RTT and Brenntag are those set forth in Brenntag's Terms and Conditions and that the LIMITATIONS OF LIABILITY provision contained therein is enforceable.

## II.  POINTS AND AUTHORITIES

A.  **Undisputed Facts.**

1.  **Terms and Conditions of Purchase and Sale.**

From May 2007 through March 2008, Brenntag sold sorbitol to RTT that was manufactured by PT Sorini and supplied to Brenntag (hereinafter referred to as the "Meelunie sorbitol"). The Meelunie sorbitol is referenced as product #817922 or product #722275 on each invoice. (Concise Statement, ¶ 2.) An original invoice for each sale was provided to RTT at or about the time of each sale of sorbitol. (*Id.*)

The Brenntag invoice is a two-sided document that contains Brenntag's Terms and Conditions on the back side of the document. These Terms and Conditions are the

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 2**

contractual terms and conditions that governed and controlled Brenntag's sale of products, including the Meelunie sorbitol, to RTT. No other contractual terms and conditions existed between Brenntag and RTT and the Terms and Conditions were not changed in any way during the period when Brenntag sold the Meelunie sorbitol to RTT. (*Id.*, ¶ 4.)

Brenntag also provided RTT with a Bill of Lading with each shipment of product(s) to RTT. (*Id.*, ¶ 6.) Brenntag's Bill of Lading is a two page document. The second page is a two-sided customer copy that contains the same Terms and Conditions that appear on the back side of Brenntag's invoices. (*Id.*, ¶ 6.) At the time of each delivery of the Meelunie sorbitol, a representative of RTT signed the Bill of Lading expressly acknowledging the following:

> "Purchaser's acceptance of the goods covered by this document shall constitute acceptance by the Purchaser of all Terms and Conditions of sale stated on the reverse side hereof."

(*Id.*, ¶ 7.) After the Bill of Lading was signed by an RTT representative, the customer copy, which is the second page of the Bill of Lading with the preprinted Terms and Conditions on the reverse side, was given to RTT. (*Id.*, ¶ 8.)

**2.     Limitation of Liability Provision.**

The Terms and Conditions contain a LIMITATIONS OF LIABILITY provision, which provides as follows:

> 6.     <u>LIMITATIONS OF LIABILITY</u>
>
> a.     PURCHASER HEREBY WAIVES ANY CLAIM AGAINST SELLER FOR CONSEQUENTIAL DAMAGES, LOSS OR FOR DAMAGE TO GOODWILL OR ANY OTHER SPECIAL, DIRECT, INDIRECT OR INCIDENTAL DAMAGES, EVEN IF SELLER HAS BEEN ADVISED OF OR HAS NOTICE OF THE POSSIBILITY OF SUCH DAMAGES AND PURCHASER'S EXCLUSIVE REMEDY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR STRICT LIABILITY OR OTHERWISE, IN RESPECT OF THE PRODUCTS SOLD HEREUNDER SHALL BE EXPRESSLY LIMITED TO THE

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 3**

> AMOUNT OF THE PURCHASE PRICE OF SUCH PRODUCT OR THE REPLACEMENT OF SUCH PRODUCT.
>
> b.    FAILURE OF PURCHASER TO GIVE WRITTEN NOTICE OF SUCH CLAIM TO SELLER WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF SUCH PRODUCT SHALL CONSTITUTE A WAIVER BY PURCHASER OF ALL CLAIMS IN RESPECT OF SUCH PRODUCT.  NO PRODUCT SOLD HEREUNDER SHALL BE RETURNED TO THE SELLER WITHOUT SELLER'S PERMISSION.  NO CLAIM SHALL BE ALLOWABLE AFTER ANY SUCH PRODUCT HAS BEEN PROCESSED IN ANY MANNER.

(Concise Statement, ¶ 11.)

### 3.    RTT's Complaint for Economic Damages.

Following the final sale of Meelunie sorbitol to RTT, RTT filed a Complaint against Brenntag alleging three claims for relief:  Breach of Contract, Breach of Merchantability Warranty and Breach of Fitness for a Particular Purpose Warranty.  (*Id.*, ¶ 12).  To support each of its claims, RTT alleges that the Meelunie sorbitol sold to RTT was defective.  (*Id.*, ¶ 13.)  Specifically, and as the key element of each of its claims, RTT alleges that by shipping defective sorbitol to RTT, Brenntag breached its contract with RTT and also breached warranties of merchantability and fitness for a particular purpose. (*Id.*, ¶ 14.)  RTT further alleges that because of the defect in the sorbitol, it suffered financial losses of $140,000 and will suffer further financial losses of $1,700,000.  (*Id.*, ¶ 15.)

### B.    Summary Judgment Standard

A court may grant summary judgment as to all or a part of a party's claims.  Fed R Civ P 56(a).  Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R Civ P 56(c).  An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby,*

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 4**

*Inc.*, 477 US 242, 248-49, 106 S Ct 2505, 91 L Ed 2d 202 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id*. at 248.

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 US 317, 323-24, 106 S Ct 2548, 91 L Ed 2d 265 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and declarations that demonstrate the absence of a genuine issue of material fact. *Id*. at 323. Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed R Civ P 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F3d 1275, 1279 (9th Cir 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F3d 247, 251 (7th Cir 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 US at 323.

C.  **RTT's Claims are Product Liability Claims and Must Be Summarily Dismissed Because RTT's only Damages are Economic Losses.**

1.  **RTT's Claims Against Brenntag Are Product Liability Claims.**

Despite the fact that RTT has labeled its claims against Brenntag "breach of contract" and "warranty," these claims are actually product liability claims in that the claims are based on an allegation of product defect. Thus, the claims must be treated as such under Oregon law. Under Oregon's product liability statute, a product liability action is:

> "[A] civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:
>
> (1) Any design, inspection, testing, manufacturing or other defect in a product;
>
> (2) Any failure to warn regarding a product; or

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 5**

        (3)  Any failure to properly instruct in the use of the product."

ORS 30.900. Under case law interpreting ORS 30.900 and other product liability statutes, the statutory requirements for a product liability civil action "embrace[] *all* theories a plaintiff can adduce in an action based on a product defect," including theories of negligence and breach of warranty. *Marinelli v. Ford Motor Co.*, 72 Or App 268, 273, 696 P2d 1, *rev. den.*, 299 Or 251, 701 P2d 784 (1985) (emphasis in original). *See also Simonsen v. Ford Motor Co.*, 196 Or App 460, 466 (2004), *rev. denied,* 338 Or 681 (2005) (holding that the statute of limitations set for "a product liability civil action" applied to claims brought under negligence and warranty theories if the claims satisfied the definition in ORS 30.900); *Kambury v. DaimlerChrysler Corp.,* 185 Or App 635, 639 (2003) (same).

      In determining whether a claim is based on a product defect or failure within the meaning of ORS 30.900, this Court's analysis "is driven by the operative facts alleged in the claim at issue, regardless of how the claim is captioned or characterized by the plaintiff. In other words, [this Court is to] look beyond the label of the claim to the operative facts alleged; it is from those facts that [this Court is to] discern the gravamen or predominant characteristic of the claim." *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, 205 Or App 347, 135 P3d 331 (2006).

      In the present case, RTT has asserted claims against Brenntag for breach of contract and breach of warranty (fitness for a particular purpose and merchantability). To support each of these claims, RTT alleges the sorbitol Brenntag sold it was defective. That allegation is repeated in each of RTT's three claims. This allegation of product defect is the predominant characteristic of each claim. Consequently, RTT's lawsuit against Brenntag is a "product liability civil action" as defined by Oregon statute and must be treated as such under Oregon law.

///

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 6**

### 2. RTT's Product Liability Claims Must Be Dismissed Because RTT Has Alleged Only Economic Losses.

Mere economic loss unaccompanied by physical injury to persons or property will not suffice for a product liability claim. *Russell v. Deere & Co.*, 186 Or App 78, 84, 61 P3d 955 (2003); *see also Brown v. Western Farmers Assoc.*, 268 Or 470, 478, 480, 521 P2d 537 (1974) (a defective product that merely causes property to decrease in value or subjects the user to economic loss will not support a product liability claim); *Hale v. Groce*, 304 Or 281, 284, 744 P2d 1289 (1987)) ("One ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property."); *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 159, 843 P2d 890 (1992) (liability for purely economic harm "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm.")

Oregon courts are clear that mere economic loss unaccompanied by physical injury to person or property will not suffice for a product liability claim. Here, RTT has alleged only economic loss. Brenntag's motions for partial summary judgment should be granted and RTT claims dismissed.

### D. The Terms of the Parties' Contract is Set Forth in the Terms and Conditions.

In this portion of Brenntag's motions, Brenntag requests a finding from the Court that the Terms and Conditions are the contractual terms that governed and controlled the purchase and sale of products, including the Meelunie sorbitol, between Brenntag and RTT and that the LIMITATIONS OF LIABILITY provision contained in the Terms and Conditions is enforceable.

#### 1. California Law Governs the Interpretation of the Terms and Conditions.

The Terms and Conditions contain a choice of law provision. Paragraph 10.d. provides: "This Document shall be governed and controlled by the laws of the state in which the Seller's corporate office is located as to interpretation, enforcement, and in all other

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 7**

respects." Brenntag's principal place of business is California. (Concise Statement, ¶ 2.) As a result, California law governs the interpretation of the Terms and Conditions.

### 2. RTT Accepted and Is Bound By the Terms and Conditions.

Under California law, "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties [*sic*] which recognizes the existence of such a contract." Cal U Com Code § 2204.[1]  Here, RTT was provided with the applicable Terms and Conditions with the Bills of Landing that accompanied each shipment of product from Brenntag, including each shipment of sorbitol.  RTT then signed each of the Bills of Lading and, by doing so, acknowledged that RTT was accepting Brenntag's Terms and Conditions.  RTT was also provided with a copy of an invoice for each sale, which also contained the exact same Terms and Conditions.  There are no other documents, forms or letters that would alter the terms of the parties' contract and there were no objections or exceptions by RTT to Brenntag's Terms and Conditions.  Consequently, based on the foregoing undisputed facts, Brenntag requests a ruling that the Terms and Conditions govern the parties' transactions.

### 3. The Limitations of Liability Provision Is Enforceable.

The LIMITATIONS OF LIABILITY clause in the Terms and Conditions is enforceable.  The clause provides as follows:

> "PURCHASER HEREBY WAIVES ANY CLAIM AGAINST SELLER FOR CONSEQUENTIAL DAMAGES, LOSS OF OR DAMAGE TO GOODWILL OR ANY OTHER SPECIAL, DIRECT, INDIRECT OR INCIDENTAL DAMAGES, EVEN IF SELLER HAS BEEN ADVISED OF OR HAS NOTICE OF THE POSSIBILITY OF SUCH DAMAGES AND PURCHASER'S EXCLUSIVE REMEDY WITH RESPECT

---

[1] If the Court finds that it must first use Oregon law to determine if the Terms and Conditions represent the parties' contract, the result is the same because Oregon law is the same as California law with regards to formation of a contract.  ORS 72.2040 provides:  "A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties [*sic*] which recognizes the existence of such a contract."

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 8**

> TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR STRICT LIABILITY OR OTHERWISE, IN RESPECT OF THE PRODUCTS SOLD HEREUNDER SHALL BE EXPRESSLY LIMITED TO THE AMOUNT OF THE PURCHASE PRICE OF SUCH PRODUCT OR THE REPLACEMENT OF SUCH PRODUCT.
>
> b.     FAILURE OF PURCHASER TO GIVE WRITTEN NOTICE OF SUCH CLAIM TO SELLER WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF SUCH PRODUCT SHALL CONSTITUTE A WAIVER BY PURCHASER OF ALL CLAIMS IN RESPECT OF SUCH PRODUCT.  NO PRODUCT SOLD HEREUNDER SHALL BE RETURNED TO THE SELLER WITHOUT SELLER'S PERMISSION.  NO CLAIM SHALL BE ALLOWABLE AFTER ANY SUCH PRODUCT HAS BEEN PROCESSED IN ANY MANNER."

(Concise Statement, ¶ 11.)

A contract for the sale of goods may appropriately include a clause limiting or excluding consequential damages for commercial loss, incidental damages, and future profits. *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.*, 200 Cal App 3d 1518, 1539, 246 Cal Rptr 823 (1988) (holding limitation of remedies provision excluding consequential and incidental damages and lost profits in contract for sale was valid and not unconscionable).  The limitation of liability provision is valid and enforceable unless RTT can prove that the provision is unconscionable.  *Id.*; Cal U Com Code § 2719(3). "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."  *Id*. at 1534.  California courts most frequently discern whether a provision is unconscionable by examining both "procedural" and "substantive" aspects of a contract.  *Id*.  Reviewing a contract for procedural conscionability requires examining whether the contract terms are oppressive due to inequality of bargaining power between the contractors and whether the contractual provision at issue was effectively hidden in the contract.  *Id.*  Substantive unconsionability regards whether the terms of the contract are,

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 9**

without justification, too harsh or one-sided. *Morris v. Redwood Empire Bancorp*, 128 Cal App 4th 1305, 1317, 27 Cal Rptr 3d 797 (2005). The more procedurally conscionable a contract is, the less important it is whether the contract is substantively conscionable, and a contract that is not both procedurally *and* substantively unconscionable cannot be rendered unenforceable. *Gatton v. T-Mobile USA, Inc.*, 152 Cal App 4th 571, 61 Cal Rptr 3d 344 (2007).

In this case, the limitation of liability clause is not unconscionable. The exculpatory clause was stated in simple and unambiguous language, was properly labeled with a precise and conspicuous heading, "LIMITATION OF LIABILITY," and stood out from the rest of the contract in differentiated, capitalized text. The language itself is clear and unambiguous. *See, e.g.*, *Hulsey v. Elisonore Parachute Ctr*, 168 CA3d 333, 214 Cal Rptr 194 (noting contract language should be clear and unambiguous). The release is not "buried in a lengthy document, hidden among other verbiage, or so encumbered with other provisions as to be difficult to find." *Leon v. Family Fitness Center (No. 107), Inc.*, 61 Cal App 4th 1227, 1232, 71 Cal Rptr 2d 923 (Cal App 4 Dist 1998) (finding not conspicuous language in undifferentiated type located in the middle of a document, not prefaced by a heading to alert the reader).

Moreover, both RTT and Brenntag are sophisticated companies, fully capable of handling their own business affairs, and familiar with each other's business. *See Nunes*, 200 Cal App 3d at 1539 (noting twenty-year commercial history between companies indicated lack of unconscionability). For this reason, this case is similar to *Nunes*, in which a sod grower brought an action against a seed vendor for breach of warranty and product liability arising from the sale of contaminated ryegrass seed. Although the sod grower suffered significant damages when it planted the contaminated seed on 56 acres, the Court nonetheless upheld the contractual provision between the parties, which stated that the buyer of the seeds was limited to a refund of the purchase price of the seeds. *Id.*

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 10**

The limitation of liability provision is also not substantively unconscionable. "Commercial entities * * * 'are entitled to contract to limit the liability of one to the other, or otherwise allocate the risk of doing business.'" *Avinelis v. BASF Corporation*, slip op., 2008 WL 4104277 at *6 (ED Cal Sept 3, 2008) (*Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal App 3d 234, 237, 234 Cal Rptr 423 (1987)). *See also Nunes*, 200 Cal App at 1538 (noting same language). RTT was not forced to do business with Brenntag, and was free to purchase products elsewhere. Where parties have equal bargaining power, California courts will rarely find a contract allocating risks unconscionable. For, "[t]here is 'no reason' why one party, 'having determined as a matter of business judgment, that the price fixed justified assuming the risk of loss, should now be allowed to shift the risk so assumed to [the other party], which had neither agreed to assume it nor been compensated for such assumption." *Arcwel Marine, Inc. v. Southwest Marine, Inc.*, 816 F2d 468, 471 (9th Cir 1987) (citing *Delta Air Lines, Inc. v. Douglas Aircraft Co.*, 238 Cal App 2d 95, 47 Cal Rptr 518, 524 (1965), among other cases). In light of the equal bargaining power among the parties, and the lack of any surprise regarding the terms of the limitation of liability clause, this Court should find no unconscionability and hold that the contractual provision limiting Brenntag's liability is enforceable.

### III.  CONCLUSION

For the reasons outlined above, Brenntag respectfully requests that this Court grant its motions for partial summary judgment against each of RTT's claims on grounds that they are product liability claims and for which RTT only seeks economic damages.

///

///

///

///

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 11**

In the alternative, Brenntag requests that this Court find the Terms and Conditions apply to each shipment of products between Brenntag and RTT and that the limitation of liability clause contained therein is valid and enforceable.

DATED this 12th day of February, 2009.

                BULLIVANT HOUSER BAILEY PC


                BY /s/ Leta E. Gorman
                    Leta E. Gorman
                    OSB #984015
                    Telephone: 503.228.6351
                    Attorneys for Brenntag Pacific, Inc.

11088779.1

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 12**