Leta E. Gorman, OSB #984015
E-Mail: leta.gorman@bullivant.com
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
    Attorneys for Brenntag Pacific, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RTT CORPORATION, an Oregon corporation, doing business as Rocky Mountain Products,<br><br>                    Plaintiff,<br><br>        v.<br><br>BRENNTAG PACIFIC, INC., a Delaware corporation,<br><br>                    Defendant. | Civil No.: 08-CV-6291-AA<br><br>**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

RTT Corporation's response to Brenntag Pacific, Inc.'s Motions for Partial Summary Judgment raises five points that merit reply:

> **1.    Plaintiff Has Alleged Product Liability Claims, Not Contract or Warranty Claims.**

As noted in Brenntag's opening memorandum, Oregon's product liability statute embraces all theories plaintiff can claim in action based on product defect, including, for

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 1**

example, negligence, strict liability, breach of warranty,[1] and fraudulent misrepresentation. *Crosswhite v. Jumpking, Inc*. 411 F Supp 2d 1228 (D Or 2006). In determining whether plaintiff's claims are based on product defect or warranty, the gravamen or predominant characteristic of plaintiff's claims controls. Here, plaintiff alleges that the sorbitol at issue was "defective."[2] An alleged product defect is the predominant characteristic of plaintiff's claims. Plaintiff cannot now change that characteristic now by election. *See, e.g.*, *Lindemeier v. Walker*, 272 Or 682, 538 P2d 1266 (1975) (it is the gravamen or predominant characteristic of claim, not plaintiff's election, that governs applicable statute of limitations.)

### 2. The Damages Alleged By Plaintiff Are Not Recoverable Under A Product Liability Theory.

Plaintiff's alleged lost profit and other economic damages are not recoverable under its product liability theory because there is no evidence of an unreasonably dangerous product. To recover any damages for product liability claims, a plaintiff must establish not only that the product was defective but also that the defect was of a type that rendered the product unreasonably dangerous to persons or property. ORS 30.920; *Russell v. Deere & Co.*, 186 Or App 78, 82, 61 P3d 955 (2003). "[A] defective product that merely causes

---

[1] *Gladhart v. Oregon Vineyard Supply Co.*, 164 Or App 438, 994 P2d 134 (1999) *rev'd on other grounds*, 332 Or 226, 26 P3d 817 (2001) discussed the difference between a breach of warranty claim based on allegations of product defect and a breach of warranty claim based on contract (guarantees or promises). In finding that plaintiff asserted a warranty claim based on contract, the *Gladhart* court noted: "Plaintiffs allege that, in February 1991, they purchased 3,200 grape plants from defendants that they then planted in their existing vineyard. The plants were 'guaranteed' to be free of phylloxera, a 'microscopic aphid' that lives on grape vine roots." The court thereafter noted: "the gravamen of plaintiff's breach of contract and warranty claims is the alleged guarantee arising from the sales contract that the grape plants were free of phylloxera. ORS 72.7140 *et seq*. govern remedies for breach of sales and warranty contracts in regard to accepted goods." No similar promise or guarantee has been alleged or, in fact, occurred in this case.

[2] Although not permissible testimony from a lay witness, Todd Goodew alleges the sorbitol has a "latent defect." Affidavit of Todd Goodew, ¶ 6.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 2**

property to decrease in value or subjects the user to economic loss is not unreasonably dangerous.[3]" *Id.*, 82-83, *citing Brown v. Western Farmers Ass'n*, 268 Or 470, 480, 521 P2d 537 (1974).

In *Brown*, plaintiffs were egg farmers who bought defective chicken feed from the defendants that, when fed to the plaintiffs' chickens, caused their eggs to taste bad and rendered the chickens valueless. The plaintiffs sued the defendants on a product liability theory to recover the value of the foul tasting eggs and the economically worthless chickens, as well as lost profits and the cost of the defective feed. The court rejected the plaintiffs' claim because their complaint lacked an adequate allegation that the defective feed was unreasonably dangerous, as opposed to merely defective.

In rejecting plaintiffs' claim, the court stated:

> Neither do we agree with the contention of the dissenting opinion by O'Connell, C.J., that 'the only question is whether the damage caused by the feed was that which would be contemplated by the ordinary purchaser.' This, according to the dissent, would include any damage that would decrease the value of plaintiffs' property.
>
> Under that rationale, a dog food which caused a champion show dog to lose the gloss of its coat, thus decreasing its value as a show dog, would be 'unreasonably dangerous' despite the fact that the health of the dog was in no way impaired. Or inferior baking powder may cause an entire batch of bread in a commercial bakery to not 'rise' in the normal manner, thus impairing the saleability of the bread, although not affecting its qualities of nourishment.

---

[3] "Ordinarily, the determination of whether a product is unreasonably dangerous is a jury question. [*McCathern v. Toyota Motor Corp.*, 332 Or 59, 77, 23 P3d 320 (2001).] ORS 30.910, * * * however, establishes a disputable presumption that a defective product is not unreasonably dangerous, reinforcing the common-law principle that the mere existence of a defect does not support an inference that a product presents an unreasonable danger to persons or property. Thus, under ORS 30.910 a plaintiff may not rely on the bare assertion of a defect from which a jury may infer unreasonable dangerousness; rather, a party must affirmatively put forth some evidence on the issue of dangerousness before the issue may properly be submitted to a jury."

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 3**

> We believe, however, that the term 'unreasonably dangerous,' as used in Section 402A as the basis for the imposition of strict liability, without proof of negligence, was not intended to be so 'watered down' as to extend to any defect which in any way may decrease the value of property, as suggested by the dissent and as plaintiffs must contend in order to recover in this case.

*Id.*, at 480.

Here, the sorbitol is much like the baking powder described above. Plaintiff alleges that a "defect" in the sorbitol impaired the saleability of its spice mixtures. Such an allegation pertains only to economics or the value of the spice mixtures. Plaintiff has not established that the sorbitol was unreasonably dangerous and caused damage to other persons or property. As a consequence, Brenntag is entitled to summary judgment.

### 3. Plaintiff Does Not Argue that the Terms and Conditions Do Not Represent the Contract between the Parties.

Plaintiff does not argue that the Terms and Conditions contained on the invoice and bill of lading are not the contractual terms that govern the relationship between the parties. Rather, plaintiff argues that the terms and conditions are unenforceable. As more fully discussed in sections 4 and 5 *infra*, however, the Terms and Conditions are enforceable. Consequently, the Court should find that they are the contractual terms that govern the parties' relationship. *See, e.g.*, Cal U Com Code § 2207(2) ("Between merchants [additional] terms become part of the contract unless: (a) The offer expressly limits acceptance to the terms of the offer; (b) They materially alter it; or (c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received."); *see also, A & M Produce Co. v. FMC Corp.*, 135 Cal App 3d 473, 486-87, 186 Cal Rptr 114 (1982) ("the mere fact that a contract term is not read or understood by the non-drafting party or that the drafting party occupies a superior bargaining position will not authorize a court to refuse to enforce the contract".)

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 4**

4.  **The Warranty Disclaimer And Limitation Of Liability Provision Were Conspicuous.**

Under California law, disclaimers in both bold faced type and set off in contrasting type are conspicuous. *See, e.g., Siemens Credit Corp. v. Newlands*, 905 F Supp 757 (ND Cal 1994). Here, the limitation of liability provision set forth in the Terms and Conditions is on the back of each and every invoice that was sent to RTT. (*See, e.g.*, Declaration of Sam DeBellis, Jr., ¶ 5, Exhibit 4.[4]) The existence of the Terms and Conditions is highlighted on the front of the invoice by the statement: "** ALL SALES SUBJECT TO AND GOVERNED BY THE TERMS AND CONDITIONS SET FORTH ON THE REVERSE **", which is printed in red – a color different from the rest of the lettering on the invoice. Moreover, the limitation of liability provision is printed in center of the Terms and Conditions in lettering that stands out from the rest of the terms because it is in all caps. It is not buried or hidden.

Similarly, the warranty disclaimer language in the Terms and Conditions specifically states there are no warranties or merchantability or fitness for a particular purpose. That language is in all caps and is directly above the Liability Limitation provision. A simple glance at an original version of the invoice with the Terms and Conditions on the back (originals were provided to RTT following every sale), shows that both provisions are highlighted for the reader and conspicuous.

The same liability limitation and disclaimer language is also on each and every bill of lading. The Terms and Conditions are printed on the back of the bills of lading, with the liability limitation provision in the middle of the page, highlighted in all caps. Likewise, the warranty disclaimer is set forth above the limitation of liability provision and includes, in all caps, that there are no warranties of merchantability or fitness for a particular purpose. RTT

---

[4] Attached is an original blank invoice form; this original is what RTT would have received. (Declaration of Sam DeBellis, Jr., ¶ 5.)

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 5**

acknowledged receipt of the Terms and Conditions each and every time it signed a bill of lading delivered by a Brenntag truck.  In fact, both Todd Goodew and Joyce Lancaster, who are the principals of RTT, each signed a bill of lading for the delivery of the sorbitol at issue. *See, e.g.,* Affidavit of Sam DeBellis, Jr., Exhibit B, at pages BP 00230 and BP 00276.  All other bills of lading for shipment of the sorbitol at issue in this case (except one)[5] were signed by employees of RTT.  (*See, e.g., id.*, at 210, 222, etc.; *see also* Affidavit of Todd Goodew, ¶ 6.)  The acknowledgement directly above each signature is in bold type and in all caps.  (*See, e.g.*, Declaration of Sam DeBellis, Jr., ¶ 4, Exhibit 3, which is a copy of the original Bill of Lading form.  The original will be provided to the Court and counsel.)  The yellow copy of the bill of lading would have been left for RTT's records.  *Id.*

     **5.**     **The Terms and Conditions are Not Unconscionable.**

Unconscionability of contract is ultimately question of law for court.  *See* Cal Civ Code 1670.5[6]; *see also American Software, Inc. v. Ali*, 54 Cal Rptr 2d 477, 46 Cal App 4th 1386 (1996); *Ilkhchooyi v. Best*, 45 Cal Rptr 2d 766, 37 Cal App 4th 395, rehearing denied, (1995).

---

[5] The sorbitol at issue was shipped to RTT on eleven (11) occasions during the period of May 4, 2007 thru March 13, 2008.  Brenntag Pacific's bill of lading was signed by an RTT principal or employee at the time of each of the shipments, except for the one June 15, 2007 shipment which was shipped by common carrier as opposed to Brenntag Pacific.

[6] Cal Civ Code 1670.5 provides: "Unconscionable contract or clause of contract; finding as matter of law; remedies

(a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination."

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 6**

Under California law, a defendant who relies on contract terms in moving for summary judgment is not required to establish that the contract is not unconscionable, unless the plaintiff's complaint alleges facts suggesting unconscionability. *Westlye v. Look Sports, Inc.*, 17 Cal App 4th 1715, 1738-1740, 22 Cal Rptr 2d 781 (1993). Here, plaintiff's complaint contains no factual allegations of unconscionability. Thus, plaintiff, in opposing summary judgment, had the burden to show unconscionability. *Id.* Plaintiffs have failed to do so here because it has failed to show that the Terms and Conditions are oppressive or were hidden from plaintiff or that Terms and Conditions are so unfair as to "shock the conscious."

### (a) Procedural Unconscionability

Procedural unconscionability focuses on "oppression" or "surprise." *A & M Produce*, *supra*, 135 Cal App 3d at 486, 491. Where the parties to a contract have unequal bargaining power and the contract is not the result of real negotiation or meaningful choice, it is oppressive. "Surprise" is defined as "the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." (*Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal 4th 83, 114, 6 P3d 669 (2000); *Stirlen v. Supercuts, Inc.*, 51 Cal App 4th 1519, 1532, 60 Cal Rptr 138 (1997); *A & M Produce, supra*, 135 Cal App 3d at 486.)

Here, there was no surprise. The evidence is clear that all but one shipment of the sorbitol at issue was shipped by Brenntag and the bills of lading were signed by RTT representatives, including Joyce Lancaster and Todd Goodew. In addition, similar language existed on the Quadra documents that RTT received when it purchased sorbitol from Quadra. Finally, RTT does not deny receiving the Brenntag invoices, which state on the front that the sales are subject to the Terms and Conditions set forth on the back side of the document.

In addition, plaintiff was not in a "take it or leave it situation" whereby it could only get the sorbitol from Brenntag. Plaintiff admits that it had the option and ability to purchase

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 7**

its chemicals, including sorbitol, from a different distributor. Mr. Goodew states: "[RTT] had been able to get such chemicals from Quadra * * *and would have been able to find another distributor to do so again." Goodew Aff., ¶ 6. Although there is some division in the cases with respect to how much weight to give the availability of alternative sources, there is virtual unanimity that the availability of such sources weighs against any finding of unconscionability. *See, e.g., Szetela v. Discover Bank,* 97 Cal App 4th 1094, 1100, 118 Cal Rptr 2d 862 (2002) ("The availability of similar goods or services elsewhere may be relevant"); *Marin Storage & Trucking, Inc. v. Benco Contracting and Engineering, Inc.*, 89 Cal App 4th 1042, 1056, 107 Cal Rptr 2d 645 (2001) (alternative sources rendered procedural unfairness of adhesive contract minimal); *Shadoan v. World Savings & Loan Assn.*, 219 Cal App 3d 97, 103, 268 Cal Rptr 207 (1990) (unconscionability claim failed absent allegation that plaintiff lacked other alternative sources). The reason for this rule is plain. Whether terms are presented in an adhesive manner, on a take-it-or-leave-it basis, is but one way of determining whether a contract provision is the product of unequal bargaining power and the ability of one side to impose its terms at will. When a party has other choices, but nevertheless agrees to accept the terms offered by a particular source of the product in question, courts will more readily infer that the provision is not the product of unequal bargaining power but a term freely accepted by the offeree. In such instances, there is less cause for concern, and the term will be subject to less stringent substantive scrutiny.

Because there is no evidence of surprise or oppression, there is no procedural unconscionability.

    **(b)  Substantive Unconscionability**

The test for substantive unconscionability is whether the contract terms are "so extreme," "unfair," or "overly harsh" as to "shock the conscience." *California Grocers Assn. v.. Bank of America,* 22 Cal App 4th 205, 214-215, 27 Cal Rptr 2d 396 (1994). This heightened standard serves a necessary function: "With a concept as nebulous as

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 8**

'unconscionability,' it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable." *American Software, Inc. v. Ali,* 46 Cal App 4th 1386, 1391, 54 Cal Rptr 2d 477 (1996).

Limitation of liability and warranty disclaimers are common provisions in commercial contracts, thus their existence in the contract between RTT and Brenntag should not be a shock to societal conscience. Moreover, as noted in Brenntag's opening memorandum, contracts between commercial entities as well as between parties with equal bargaining power are typically found to be substantively conscionable. Here, Brenntag and RTT are business entities with equal bargaining power – no party had more control over the other and thus, RTT cannot argue that the bargained for terms were not fair. For those reasons, this Court should not undo what the parties bargained for; the Court should find that there is no evidence of substantive unconscionability.

## CONCLUSION

For the reasons set forth above, as well as those set forth in its opening memorandum, Brenntag respectfully requests that this Court conclude that plaintiff's claims are product liability claims and, as a result, are barred by the economic loss doctrine. In the alternative, Brenntag requests that the Court find that the Terms and Conditions represent the terms of the parties' contract and that they are valid and enforceable.

DATED: April 9, 2009

                                  BULLIVANT HOUSER BAILEY PC


                                  By  /s/ Leta E. Gorman
                                      Leta E. Gorman
                                      OSB #984015
                                      Telephone: 503.228.6351
                                      Attorneys for Brenntag Pacific, Inc.

11462513.1

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**BRENNTAG PACIFIC, INC.'S REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**Page 9**